**RIGHTS OF THE VENDEE UNDER A RESCINDED CONTRACT.**

Circuit Court of Cuyahoga County.

CATHERINE GALAGHER v. SAMUEL E. DETTELBACH.

Decided, 1902.

*Quasi Contract—Vendee May Recover Purchase Money Paid Under a Voidable Contract.*

Where a vendor elects to rescind a contract which is voidable under the statute of frauds, the vendee may maintain an action to recover from the vendor any purchase money which he may have paid under the contract without alleging that he himself is ready and willing to perform.

*James F. Walsh,* for plaintiff in error.
*Carpenter & Young,* contra.

HALE, J.; CALDWELL, J., and MARVIN, J., concur.

The court of common pleas sustained a general demurrer to the petition and gave judgment for the defendant.

It is alleged in the petition that the defendant, on the 23d day of October, 1897, entered into a verbal contract with the plaintiff by the terms of which the defendant sold and agreed to convey to the plaintiff for the consideration of $2,475 certain described real estate, and that on said day the plaintiff paid to the defendant, on the agreed purchase price, the sum of $300. That the defendant elected to rescind said verbal contract, and, on the 6th day of April, 1898, conveyed said real estate to another and refuses to repay to the plaintiff said sum of $300.

This petition, we hold, states a cause of action.

One who has entered into a verbal contract for the purchase of real estate, voidable under the statute of frauds, and paid a portion of the purchase price, may not himself elect to rescind the contract, refuse to perform the agreement on his part, and by action recover the amount paid by him, the vendor making no default.

If, however, the vendor elects to rescind the contract or refuses performance on his part, and puts it beyond his power

to convey the real estate in accordance with the terms of the verbal agreement, the purchaser may recover the money paid.

It being alleged that the defendant elected to rescind the contract, and conveyed the premises to another, it was unnecessary, to constitute a good cause of action, that the petition should contain the further allegation that the plaintiff had performed, or offered to perform, the contract on his part.

If the defendant has received from the plaintiff money upon a contract voidable at his election and has elected to avoid the contract, he should refund the money so received.

The judgment of the court of common pleas is reversed, and the cause remanded for further proceedings.